IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF HAWAIʻI

| | |
|---|---|
| DIANE CHRISTINE JOHNSON,<br><br>　　　　Plaintiff,<br><br>　　vs.<br><br>CLINICAL LABORATORIES OF HAWAII, LLP, *et al.*,<br><br>　　　　Defendants. | Civil No. 24-00551 MWJS-KJM<br><br>ORDER DISMISSING CASE WITHOUT PREJUDICE |

### ORDER DISMISSING CASE WITHOUT PREJUDICE

Because pro se Plaintiff Diane Christine Johnson has failed to prosecute this lawsuit, the case is DISMISSED without prejudice.

Johnson filed an employment discrimination complaint on December 17, 2024. ECF No. 1. She did not, however, pay the fees required to initiate a civil action in this Court. Nor did she petition to proceed without prepayment of fees, that is, in forma pauperis (IFP). Accordingly, on the same day, the Court issued a Deficiency Order explaining that for the action to proceed, Johnson must either pay the civil filing fee of $350 and the administrative fee of $55 or submit a completed IFP application within twenty-eight days. ECF No. 2, at PageID.10. The Court warned Johnson that failure to do so would result in the automatic dismissal of this action. *Id.* at PageID.10-11. That

deadline has now passed, and Johnson has not paid the required fees or submitted an IFP application.

When a plaintiff fails to prosecute an action, courts have the inherent power to dismiss the case. *Link v. Wabash R.R. Co.*, 370 U.S. 626, 630-31 (1962); *see also* Fed. R. Civ. P. 41(b). To determine whether dismissal for failure to prosecute is appropriate, the Court must weigh five factors: "(1) the public's interest in expeditious resolution of litigation; (2) the court's need to manage its docket; (3) the risk of prejudice to defendants/respondents; (4) the availability of less drastic alternatives; and (5) the public policy favoring disposition of cases on their merits." *Pagtalunan v. Galaza*, 291 F.3d 639, 642 (9th Cir. 2002).

The balance of these factors supports dismissal of this action. First, the public's interest in the expeditious resolution of cases "always favors dismissal." *Yourish v. Cal. Amplifier*, 191 F.3d 983, 990 (9th Cir. 1999). Second, the Court has an ongoing responsibility to manage its docket. Third, allowing this action to continue would prejudice Defendants because there are "no clear explanations" for the delay, and "[u]nnecessary delay inherently increases the risk that witnesses' memories will fade and evidence will become stale." *Pagtalunan*, 291 F.3d at 643. Such delay supports dismissal. Fourth, there are no viable less drastic alternatives. The Court provided Johnson with an opportunity to pay the required fees or submit an IFP application. And the Court warned Johnson that failure to pay the required fees or file an IFP

application would result in automatic dismissal of this action.  ECF No. 2, at PageID.10-11.  The Court, moreover, is electing to dismiss without prejudice, a less drastic sanction than a dismissal with prejudice.  This factor therefore counsels in favor of dismissal.  *See In re Phenylpropanolamine (PPA) Prods. Liab. Litig.*, 460 F.3d 1217, 1237 (9th Cir. 2006) (recognizing that warnings can satisfy the "availability of less drastic sanctions" factor).  Finally, the Court observes that public policy favors the disposition of cases on the merits, and this factor thus weighs against dismissal.  *Pagtalunan*, 291 F.3d at 643.

The overwhelming weight of this analysis—four of the five factors—supports dismissal.  Accordingly, this action is DISMISSED without prejudice.  The Clerk is DIRECTED to enter judgment and close this case.

IT IS SO ORDERED.

DATED:  January 31, 2025, at Honolulu, Hawaiʻi.



/s/ Micah W.J. Smith
_____
Micah W.J. Smith
United States District Judge

Civil No. 24-00551 MWJS-KJM; *Diane Christine Johnson v. Clinical Laboratories of Hawaii, LLP*, et al.; ORDER DISMISSING CASE WITHOUT PREJUDICE

3