IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF HAWAII

| | | |
|---|---|---|
| DIANE CHRISTINE JOHNSON, | ) | Civil No. 24-00551 MWJS-KJM |
| | ) | |
| Plaintiff, | ) | FINDINGS AND |
| | ) | RECOMMENDATION TO DISMISS |
| vs. | ) | PLAINTIFF'S COMPLAINT FOR |
| | ) | FAILURE TO PROSECUTE |
| CLINICAL LABORATORIES OF | ) | |
| HAWAII, LLP; RONALD LAGUTZ; | ) | |
| DEBRA KATSURA; ELSA | ) | |
| ISHMAEL, | ) | |
| | ) | |
| Defendants. | ) | |
| _____ | ) | |

FINDINGS AND RECOMMENDATION TO DISMISS
PLAINTIFF'S COMPLAINT FOR FAILURE TO PROSECUTE

Plaintiff Diane Christine Johnson ("Plaintiff") initiated this lawsuit on

December 17, 2024, by filing a Complaint for Employment Discrimination

("Complaint").  ECF No. 1.  On May 21, 2025, Dana Johnson, Plaintiff's daughter,

filed a Motion for Substitution, in which Dana Johnson stated that Plaintiff passed

away on April 14, 2025.  ECF No. 38 at 2.  Dana Johnson asked "the Court to

substitute the Estate of Diane Johnson as the Plaintiff in this case."  *Id.*

On June 18, 2025, the Court issued an Order Denying the Motion for

Substitution ("06/18/2025 Order").  ECF No. 42.  The Court found that Dana

Johnson did not establish that she is "the proper person to file a motion for

substitution on behalf of Plaintiff's estate" under Federal Rule of Civil Procedure

25(a). *Id.* at 3. The Court noted, however, that Dana Johnson appeared to be "taking steps to secure appointment as the personal representative for Plaintiff's estate" based on state court records. *Id.*

In the 06/18/2025 Order, the Court allowed Dana Johnson until September 18, 2025, to file a new motion for substitution. *Id.* at 4. Dana Johnson has not filed a new motion for substitution.

On September 26, 2025, the Court held a status conference.[1] ECF No. 47. Neither Dana Johnson nor any other representative for Plaintiff's estate appeared at this status conference. Malia E. Schreck, Esq., appeared on behalf of the defendants and indicated that she has not been in contact with Dana Johnson. On September 29, 2025, the Court issued an Order to Show Cause, which ordered Dana Johnson to show cause in writing why the case should not be dismissed for failure to prosecute ("09/29/2025 OSC"). ECF No. 48. The Clerk's Office mailed a copy of the 09/29/2025 OSC to Dana Johnson. *See id.* (stating in the Court's Certificate of Service that Dana Johnson was served by First Class Mail). Dana Johnson failed to file a written response to the 09/29/2025 OSC.

---

[1] On June 24, 2025, the Court issued an entering order continuing the Rule 16 Scheduling Conference to September 26, 2025 ("06/24/2025 EO"). ECF No. 44. On September 24, 2025, the Court issued an entering order converting the Rule 16 Scheduling Conference to a status conference ("09/24/2025 EO"). ECF No. 46. The docket indicates that the Clerk's Office mailed a copy of the 06/24/2025 EO and 09/24/2025 EO to Plaintiff's address of record, which is the same as Dana Johnson's address of record. ECF Nos. 44, 46.

DISCUSSION

"It is within the inherent power of the court to sua sponte dismiss a case for lack of prosecution." *Ash v. Cvetkov*, 739 F.2d 493, 496 (9th Cir. 1984) (citing *Link v. Wabash R.R. Co*., 370 U.S. 626, 630 (1962)); *see also Pagano v. OneWest Bank, F.S.B*., CV. No. 11-00192 DAE-RLP, 2012 WL 74034, at *6 (D. Haw. Jan. 10, 2012) (citing *Link*, 370 U.S. at 629–31 ("The power to invoke this sanction is necessary in order to prevent undue delays in the disposition of pending cases and to avoid congestion in the calendars of the District Courts.")).  The court must weigh five factors to determine whether to dismiss a case for lack of prosecution: (1) the public's interest in expeditious resolution of litigation; (2) the court's need to manage its docket; (3) the risk of prejudice to the defendant; (4) the availability of less drastic alternatives; and (5) the public policy favoring the disposition of cases on their merits ("*Pagtalunan* factors").  *Pagtalunan v. Galaza*, 291 F.3d 639, 642 (9th Cir. 2002) (citing *Ferdik v. Bonzelet*, 963 F.2d 1258, 1260–61 (9th Cir. 1992)).  For the reasons below, the Court finds that dismissal of the Complaint is appropriate given that Plaintiff's estate has not given any indication that it intends to pursue the claims in this case.

First, "[t]he public's interest in expeditious resolution of litigation always favors dismissal." *Id.* (citing *Yourish v. Cal. Amplifier*, 191 F.3d 983, 990 (9th Cir. 1999)).  This case has been pending since December 2024.  Since Plaintiff passed

away in April 2025, there has been no significant progress.  In particular, there has

been no substitution of Plaintiff for a proper party which can prosecute the claims.

Thus, the first factor weighs in favor of dismissal.

Second, the Court's need to manage its docket weighs strongly in favor of

dismissal because the absence of a plaintiff has interfered with the Court's ability

to manage its docket.  Without a plaintiff, the case cannot move forward.

Third, the risk of prejudice to the defendants weighs heavily in favor of

dismissal.  The defendants will suffer prejudice if there is no plaintiff.  Plaintiff's

absence and her estate's inaction preclude resolution of the case for the defendants.

*Id.* (citing *Malone v. U.S. Postal Serv.*, 833 F.2d 128, 131 (9th Cir. 1987)).

Fourth, less drastic sanctions are not appropriate.  In the 06/18/2025 Order,

the Court gave Dana Johnon three months to file a new motion for substitution.

Dana Johnson did not do so.  Nor did Dana Johnson appear at the September 26,

2025 status conference or respond to the 09/29/2025 OSC.  For all intents and

purposes, it appears that Dana Johnson has abandoned efforts to seek substitution

and prosecute the claims on behalf of Plaintiff's estate.  The Court thus finds that it

would be futile to recommend a lesser sanction.

Fifth, the Court acknowledges that public policy favors disposition of cases

on their merits.  Thus, this final factor weighs against dismissal.  This Court finds,

however, that because four of the factors weigh in favor of dismissal, this factor is outweighed. *Malone*, 833 F.2d at 133 n.2. Accordingly, dismissal is appropriate.

Notwithstanding this Court's finding that Plaintiff has failed to prosecute this case, the Court finds that these failures do not provide sufficient grounds to support dismissal with prejudice. The Court finds that four of the five *Pagtalunan* factors weigh in favor of dismissal; however, under these circumstances, these factors do not weigh "strongly" in favor of dismissal. *Cf. In re Lagmay*, CIV. NO. 15-00166 DKW/RLP, 2015 WL 5970667, at *2 (D. Haw. Oct. 13, 2015) (concluding that dismissal with prejudice is appropriate when at least three of the *Pagtalunan* factors weighed "strongly" in support of dismissal), *aff'd sub nom.*, *Lagmay v. Nobriga*, No. 15-17068, 2016 WL 7407294 (9th Cir. Dec. 22, 2016). Accordingly, although the Court finds that dismissal is appropriate, this Court recommends that the district court's dismissal of the Complaint be without prejudice.

\\

\\

\\

\\

\\

\\

CONCLUSION

Based on the foregoing, the Court FINDS and RECOMMENDS that the district court DISMISS WITHOUT PREJUDICE Plaintiff's Complaint for failure to prosecute.

IT IS SO FOUND AND RECOMMENDED.

DATED:  Honolulu, Hawaii, November 18, 2025.



Kenneth J. Mansfield
United States Magistrate Judge

*Johnson v. Clinical Labs. of Haw., LLP, et al.*, Civil No. 24-00551 MWJS-KJM; Findings and Recommendation to Dismiss Plaintiff's Complaint for Failure to Prosecute